UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JOSHUA JAMICHAEL VANBUREN | CIVIL ACTION NO. 19-0453 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| RAYMOND M. SPOON, ET AL. | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Plaintiff Joshua Jamichael VanBuren, who proceeds pro se and in forma pauperis, filed the instant proceeding on April 9, 2019, under 42 U.S.C. § 1983. He names Officer Raymond M. Spoon and Officer Paul Blunschi as Defendants.[1] For the following reasons, Plaintiff's claims should be dismissed.

**Background**

Plaintiff alleges that Defendant Spoon arrested him without probable cause and that, a few years later, Defendant Blunschi arrested him without probable cause. Plaintiff allegedly "spent years behind bars for crimes [he] didn't commit." [doc. # 1, p. 4].

Plaintiff claims that Spoon arrested him, under an arrest warrant dated August 12, 2014, for attempted second degree murder in connection with a shooting. *Id.* at 6. He suggests that there was no probable cause for his arrest because: (1) neither he nor the alleged victim were ever questioned before Spoon submitted his application for an arrest warrant; (2) the "original report" revealed that a "caller" and another witness stated that a different person was the shooter; and (3) he was "never indicated as the shooter" in "the original report[.]" *Id.* at 8.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff was arrested, under the arrest warrant, in Texas "on or about" August 19, 2014, he was "extradited" to Louisiana on September 2, 2014, and he was "booked into the Ouachita Parish Correctional Center" on September 4, 2014. *Id.* He "had a 72 hour bond hearing" on September 5, 2014. *Id.* at 9. On September 19, 2014, an assistant district attorney filed a bill of information against Plaintiff, charging him with attempted second degree murder and intimidating a witness. *Id.* On September 25, 2014, Plaintiff was arraigned before the Fourth Judicial District Court, Ouachita Parish. *Id.* Plaintiff "had a preliminary examination" on May 4, 2015. *Id.*

On February 11, 2016, finding no probable cause to prosecute Plaintiff, the District Attorney dismissed the charges, and Plaintiff was released from custody. *Id.* at 10.

Next, Plaintiff alleges that Defendant Blunschi falsely arrested him, without a warrant, on January 26, 2017, for attempted second degree murder stemming from another shooting. *Id.* at 12-13. Blunschi submitted an affidavit of probable cause for arrest without a warrant on January 27, 2017. *Id.* Plaintiff claims, however, that there was no probable cause for his arrest because he was only standing his ground and defending himself from an individual who shot at him first. *Id.* at 15.

Plaintiff "had a 72 hour bond hearing" on January 27, 2017. *Id.* On March 15, 2017, the District Attorney declined to prosecute Plaintiff for attempted second degree murder and instead charged Plaintiff with aggravated assault with a firearm and illegal use of a dangerous weapon. *Id.* at 16. Plaintiff was arraigned on March 23, 2017. *Id.* The state trial court never conducted a preliminary examination with respect to the attempted second degree murder charge. *Id.*

On March 19, 2019, Plaintiff pled guilty to illegal carrying of a weapon, and the trial court sentenced him to "time served." *Id.* at 17. He was released from jail the same day. *Id.*

Plaintiff claims that, because of Defendants' actions, he received unwanted media attention, he was incarcerated without probable cause for years, he was deprived of meaningful relationships with his friends and family, he was and is deprived of gainful employment, and he endured public humiliation, torment, mental and emotional stress, and social and economic ruin. *Id.* at 11, 18. He seeks $500,000.00 in punitive damages, $500,000.00 in nominal damages, and $500,000.00 for his pain, suffering, emotional distress, defamed character, and lost wages. *Id.* at 4.

## Law and Analysis
### 1. Preliminary Screening

Plaintiff proceeds in forma pauperis. Thus, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is

facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Statute of Limitations**

District courts are authorized to dismiss claims as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. See *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a Section 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).

a. Plaintiff's January 26, 2017 Arrest

Plaintiff claims that Defendant Blunschi falsely arrested him, without a warrant, on January 26, 2017, for attempted second degree murder. [doc. # 1, pp. 12-13]. Plaintiff "had a 72 hour bond hearing" on January 27, 2017. *Id.* at 15.

The "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). "[A] bond hearing satisfies the definition of legal process within the meaning of *Wallace* . . . ." *Reed v. Edwards*, 487 F. App'x 904, 906 (5th Cir. 2012).

Here, Plaintiff's false arrest claim[2] accrued on January 27, 2017, the date of his bond hearing. Plaintiff, therefore, had one year from January 27, 2017, or until January 27, 2018, to file his false arrest claim. However, because January 27, 2018, was a Saturday, Plaintiff had until the following Monday, or January 29, 2018, to file his claim.[3] As Plaintiff did not file his claim until April 9, 2019, his claim should be dismissed as frivolous.[4]

---

[2] See *Danna v. Purgerson*, 2019 WL 237037, at *3 (5th Cir. Jan. 16, 2019) (analyzing a claim, where the arrestee alleged that the officer filed an arrest affidavit *after* the arrest, as a false arrest claim and commenting that the arrestee's ostensible malicious-prosecution claim was "identical to her false-arrest claim" to the extent she grounded it in her arrest).

[3] See FED. R. CIV. P. 6(a)(1)(C) (stating that a one-year period should "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

[4] Plaintiff previously filed a proceeding in this Court against Defendant Blunschi, alleging the same claim he raises here. *Joshua J. VanBuren v. Police Dept. City of West Monroe, et al.* No. 17-cv-1684 (W.D. La. 2017). He filed the former proceeding, at the earliest, on December 27, 2017. *Id.* at doc. 1, p. 6. However, on April 27, 2018, the Court granted Plaintiff's motion to voluntarily dismiss his claim against Blunschi. *Id.* at doc. 30. Even assuming, *arguendo*, that the former proceeding tolled the statute of limitations pertaining to Plaintiff's false arrest claim

b. Plaintiff's August 19, 2014 Arrest

Plaintiff faults Defendant Spoon for his August 19, 2014 arrest, claiming that Spoon omitted important information from an arrest warrant application. [doc. # 1, p. 6]. The arrest warrant was allegedly dated August 12, 2014.

In *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018), cert. denied sub nom. *Johnson v. Winfrey*, 2019 WL 465382 (U.S. Apr. 15, 2019), the United States Court of Appeals, Fifth Circuit characterized the following form of arrest as a malicious prosecution claim rather than a false arrest claim: the arrestee "was arrested through the wrongful institution of legal process: an arrest pursuant to a warrant, issued through the normal legal process, that is alleged to contain numerous material omissions and misstatements." The arrestee alleged "wrongful institution of legal process—an unlawful arrest pursuant to a warrant—instead of a detention with no legal process." See *Castellano v. Fragozo*, 352 F.3d 939, 953 (5th Cir. 2003) ("In situations where the alleged seizure was pursuant to legal process the tort of malicious prosecution is most analogous . . . .").

Here, Plaintiff's claim is best characterized as a malicious prosecution claim[5] for purposes

---

against Blunschi—from the earliest date he filed the former proceeding to the date the Court granted his motion to voluntarily dismiss his claim—Plaintiff's claim would nevertheless be untimely. From January 27, 2017, the date the claim accrued, to December 27, 2017, the earliest date he filed the former proceeding, 334 days elapsed. From April 27, 2018, the date the Court dismissed his former claim without prejudice, to April 9, 2019, the date he filed the instant proceeding, an additional 347 elapsed.

[5] In *Castellano*, 352 F.3d at 945, the Fifth Circuit concluded "that no such freestanding constitutional right to be free from malicious prosecution exists." It reasoned: "The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such

7

of identifying the applicable accrual date because, like the arrestee in *Winfrey*, Plaintiff claims that he was arrested under a warrant, that the warrant was signed by a state court judge, and that the warrant allegedly contains numerous omissions.

"A malicious prosecution claim only accrues once the criminal charges are dismissed because an element of that tort is the termination of a criminal prosecution in the plaintiff's favor." *Morrill v. City of Denton, Texas*, 693 F. App'x 304, 306 (5th Cir. 2017) (citing *Castellano*, 352 F.3d at 945 (en banc)).

Here, Plaintiff's claim accrued on February 11, 2016, the date the charges against him were dismissed and, in turn, the date his criminal proceeding ended in his favor. [See doc. # 1, p. 10]. Plaintiff, therefore, had one year from February 11, 2016, or until February 11, 2017, to file his claim. However, because February 11, 2017, was a Saturday, Plaintiff had until the following Monday, or February 13, 2017, to file his claim.[6] As Plaintiff did not file his claim until April 9, 2019, the claim against Defendant Spoon should be dismissed as frivolous.[7]

**Recommendation**

---

claims may be made under 42 U.S.C. § 1983. Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion." *Id.* But, as above, the Fifth Circuit also held, in *Winfrey*, 901 F.3d at 493, that the arrestee's claim was "like" a malicious prosecution claim.

[6] See FED. R. CIV. P. 6(a)(1)(C).

[7] Plaintiff previously filed a proceeding in this Court against Defendant Spoon as well, alleging the same claim he raises here. *Joshua J. VanBuren*, No. 17-cv-1684. As with his claim against Blunschi, even assuming, *arguendo*, that the former proceeding tolled the statute of limitations pertaining to Plaintiff's claim against Spoon—from the earliest date he filed the former proceeding to the date the Court granted his motion to voluntarily dismiss his claim—Plaintiff's claim would nevertheless be untimely. From February 11, 2016, the date his claim accrued, to December 27, 2017, the earliest date he filed the former proceeding, 685 days elapsed. His claim, consequently, was untimely even before he filed the prior proceeding.

8

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Joshua Jamichael VanBuren's claims be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 2nd day of May, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE